828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Goldie STARK, Representative of the Estate of Willard N.
Stark, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Benefits Review Board,
Respondents.
 No. 86-3490
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Goldie Stark, as representative of the estate of Willard N. Stark, appeals the judgment of the Benefits Review Board denying Willard N. Stark black lung benefits.
 
 
 2
 Stark was born on November 19, 1927, and engaged in coal mine employment for 7 2/3 years until 1951, when he began to work in the construction industry. On April 1, 1980, he applied for black lung benefits, claiming pneumoconiosis from his mining employment. His claim was denied. The ALJ concluded that Stark suffered from pneumoconiosis and that he was totally disabled, but that the pneumoconiosis did not arise from his coal mine employment. The Benefits Review Board affirmed the decision and order of the ALJ.
 
 
 3
 On appeal, Stark's representative alleges that the ALJ erred in failing to accord more weight to the treating physician's conclusion that the pneumoconiosis arose in part from coal mine work than to the opinion of physicians whose conclusions were based on more limited examination and review of Stark's medical condition and dust exposure. Petitioner further urges that the ALJ failed to state with particularity whether the decedent's pneumoconiosis arose in whole or in part from his mining employment. While the decision of the ALJ and of the Benefits Review Board might have been more artfully drafted, we believe it is clear that it concluded that the condition did not arise in any part from Stark's previous coal mine employment. The ALJ found that it was 'not established that the claimant's pneumoconiosis is related to his coal mine employment . . ..' The Board agreed with the ALJ's finding that the claimant 'has failed to establish causation based on Dr. Sievers' opinion alone.' Dr. Sievers specifically concluded that the decedent had 'no condition related to coal mine employment.' Such findings are in the opinion of the court sufficient under the Act and are fully supported by an examination of the record as a whole. Accordingly,
 
 
 4
 The decision and order of the Benefits Review Board are AFFIRMED.